UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| DESHAWN ST. CLAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:19-CV-391-RWS |
| | ) | |
| SCHNUCKS CULINARIA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff DeShawn St. Clair for leave to commence this action without prepayment of the filing fee.  Having reviewed plaintiff's financial information, the Court will grant the motion.  In addition, the Court will allow plaintiff the opportunity to submit an amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders bare assertions devoid of "further factual enhancement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a

pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

### The Complaint

Plaintiff brings this action against Schnucks Culinaria, located at 315 North Ninth Street in St. Louis, Missouri, for malicious prosecution, defamation, and false imprisonment. For his statement of his claim, plaintiff states in full:

> Simply put, defamation of character refers to a false statement communicated to a third-party, which ultimately causes damage an[d] harm to my reputation. Falsely imprisoned due to false accusations without a legal or lawful arrest.

For relief, plaintiff seeks $12,000 in punitive damages.

### Discussion

Plaintiff's complaint fails to state a claim on which relief may be granted because it states merely a legal definition followed by a legal conclusion. Plaintiff has not alleged any facts underlying or supporting his statement of the claim. Under the federal rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint will not suffice if it tenders bare assertions devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678

The Court cannot conduct an initial review of plaintiff's complaint under 28 U.S.C. § 1915(e) without any statement of the underlying facts supporting his claim. As stated on the

complaint form, plaintiff's statement of the claim must include all of the following information: what happened to you, when did it happen, where did it happen, what injuries did you suffer, and what did each defendant personally do, or fail to do, to harm you?

Because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *E.g.*, *In re Wireless Tele. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section, plaintiff should state in separate, numbered paragraphs, the specific factual allegations supporting his claim or claims against defendant, as well as the right or rights that defendant violated. Plaintiff's failure to make specific and actionable factual allegations against defendant will result in that defendant's dismissal from this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Civil Complaint form.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 6th day of March, 2019.

  /s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE