UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| DESHAWN ST. CLAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:19-CV-391-RWS |
| | ) | |
| SCHNUCKS CULINARIA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on initial review of plaintiff DeShawn St. Clair's amended complaint under 28 U.S.C. § 1915. For the following reasons, the Court will not issue process on the complaint and will dismiss this action.

### Background

Plaintiff filed his original complaint on March 1, 2019, alleging defendant Schnucks Culinaria, located at 315 North Ninth Street in St. Louis, Missouri ("Schnucks") maliciously prosecuted him, defamed his character, and falsely imprisoned him. As to the facts that supported his claim, defendant stated in full:

> Simply put, defamation of character refers to a false statement communicated to a third-party, which ultimately causes damage an[d] harm to my reputation. Falsely imprisoned due to false accusations without a legal or lawful arrest.

On initial review under 28 U.S.C. § 1915(e)(2), the Court found that plaintiff had not stated any of the underlying facts that supported his claims. *See* ECF No. 3. Because plaintiff's statement of his claim was conclusory, it could not survive initial review. *See id.* Instead of dismissing the complaint outright, however, the Court allowed plaintiff to file an amended complaint.

The Court directed plaintiff to include in the amended complaint "what happened to you, when did it happen, where did it happen, what injuries did you suffer, and what did each defendant personally do, or fail to do, to harm you"? *Id.* at 3. Additionally, the Court instructed plaintiff to state in separate, numbered paragraphs "the specific factual allegations supporting his claim or claims against defendant." The Court cautioned that failure to do so would result in dismissal of plaintiff's case without prejudice and without further notice. *Id.* at 3-4.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders bare assertions devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15

(8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**The Amended Complaint**

On March 22, 2019, plaintiff filed his amended complaint against Schnucks for violations of the Fourth Amendment, malicious prosecution, defamation, and false imprisonment. For his statement of his claim, again, plaintiff states in full:

> Simply put, defamation of character refers to a false statement communicated to a third-party, which ultimately causes damage an[d] harm to my reputation. Falsely imprisoned due to false accusations without a legal or lawful arrest.

For relief, plaintiff seeks $1,000,000 in punitive damages.

**Discussion**

Plaintiff has not alleged any facts supporting his claim. He has not alleged what happened to him, the date on which it happened, any individuals involved in what happened, what was said, what was done, why he states he was falsely imprisoned, where he was kept, for how long, and what damage or harm was caused to his reputation. Additionally, Schnucks is not a state actor subject to suit under 42 U.S.C. § 1983 for violations of the Fourth Amendment, and plaintiff has not stated any facts that would cause the Court to believe Schnucks was acting jointly with police. *See Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001) ("Only state actors can be held liable under Section 1983. A private party who willfully participates in joint activity with the State or its agents in considered a state actor."). The Court has no information from which it could find there was any police involvement at all.

Plaintiff's vague and conclusory allegations that he is a victim of violations of his Fourth Amendment rights, defamation, and false imprisonment wholly lack factual support and are not entitled to the presumption of truth. *See Iqbal,* 556 U.S. at 678. Even pro se plaintiffs are

required to allege facts in support of their claims, and the Court will not assume facts that are not alleged. *See Stone*, 364 F.3d at 914-15.

The Court will dismiss this case as frivolous because the amended complaint contains only conclusory allegations and fails to allege any facts, which if proved, would afford a basis for the granting of relief.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 12th day of April, 2019.

                                              /s/ Rodney W. Sippel
                                            RODNEY W. SIPPEL
                                            UNITED STATES DISTRICT JUDGE